# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BLUEFIELD DIVISION

| | |
|---|---|
| **DAVID W. FARLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 1:06-00380** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

# M E M O R A N D U M   O P I N I O N

This is an action seeking review of the decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. Both parties have consented in writing to a decision by the United States Magistrate Judge. Neither party has filed briefs in the matter. Plaintiff proceeds *pro se*, though he was represented by an attorney at the administrative hearing.

The Plaintiff, David W. Farley (hereinafter referred to as "Claimant"), filed applications for DIB and SSI on June 2, 2003, alleging disability as of January 5, 2000, due to back problems, bowel problems, varicose veins, arthritis, and kidney problems. (Tr. at 64-66, 75.) The claim was denied initially and upon reconsideration. (Tr. at 38-39, 43-45.) On March 30, 2004, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 46.) A hearing was held on July 6, 2005, before the Honorable Steven A. DeMonbreum. (Tr. at 327-90.) By decision dated August 3, 2005, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 18-33.) The ALJ's decision became the final decision of the Commissioner on March 23, 2006, when the Appeals

Council denied Claimant's request for review. (Tr. at 6-10.) On May 17, 2006, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2004). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's

...

remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2002). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since his alleged onset date. (Tr. at 24.) Under the second inquiry, the ALJ found that Claimant suffered from diabetes with mild neuropathy, history of pancreatitis with surgery, mild degenerative disc disease, varicose veins, mild pulmonary restrictive disease, and bilateral hearing loss, which were severe impairments. (Tr. at 25.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 25-26.) The ALJ then found that Claimant had a residual functional capacity for a significant range of light level work, with the following limitations:

> [T]o lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk six or more hours in an 8-hour workday, sit four hours in an 8-hour workday, and occasionally climb, balance, kneel, crouch, stoop/bend, but he should never crawl. He has limited hearing for high pitch noises, and needs limited exposure to temperature extremes, loud noise, dust, humidity/wetness, hazards, fumes, odors, chemicals, and gases. Further, the claimant would be expected to miss an average of one day or less per month due to his medical condition.

(Tr. at 29-30.) At step four, the ALJ found that Claimant could not return to his past relevant work. (Tr. at 30.) On the basis of testimony of a Vocational Expert ("VE") taken at the administrative hearing, the ALJ nonetheless concluded, that Claimant could perform jobs such as watch guard, retail sales, and cashier, at the light level of exertion. (Tr. at 31.) On this basis, and within the

framework of Medical-Vocational Rule 202.14 of the Medical-Vocational Guidelines ("the grids"), benefits were denied. (Tr. at 32-33.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals that the decision of the Commissioner in this case is supported by substantial evidence.

Claimant's Background

Claimant was born on February 22, 1952, and was 53 years old at the time of the administrative hearing. (Tr. at 21, 30, 64, 332.) Claimant had a high school education and two years in college. (Tr. at 21, 79, 333.) In the past, he worked as a spinner jet operator, continuous miner operator, and shuttle car operator. (Tr. at 21, 76, 85-91, 334-36, 385.)

Claimant's Challenges to the Commissioner's Decision

Neither the Commissioner nor the Claimant filed briefs in this matter. However, Claimant stated in his Complaint: "All medical records were not submitted. The judge in his word of ruling assume how I feel without asking specific questions on certain areas." (Doc. No. 1 at 1.) Additionally, in a letter submitted to the Appeals Council on August 15, 2005, by his attorney, Roger W. Rutherford, Claimant noted the following exceptions to the ALJ's decision:

1. improper adjudication;

2. failure to properly recognize pain, from both a mental and physical standpoint; and

3. failure to follow applicable law.

(Tr. at 14.) The Court notes that Claimant was represented by counsel at all levels of review but proceeds *pro se* in this appeal. As Claimant has not raised any other specific arguments at this level of review, the Court has additionally reviewed the entire record to see if it comports with the substantial evidence standard.

1. The Administrative Record.

Claimant argues that the administrative record in this case was not complete. (Doc. No. 1 at 1.) Claimant, however, neither identifies the specific medical records which were not submitted, nor provides the specific omitted medical records to the Court. The Court notes that eighteen separate medical records were submitted prior to the administrative hearing and that the Medical Assessment of Ability to do Work-Related Activities (Physical), as prepared by the medical expert, Ward W. Stevens, M.D., was completed and submitted during the administrative hearing. (Tr. at 3-4, 138-309.) Additionally, Claimant submitted to the Appeals Council the Medical Assessment of Richard Janney, PA-C, dated February 16, 2006. (Tr. at 5, 10, 325-26.) This additional evidence was

considered by the Appeals Council. (Tr. at 6, 10.) The Court does not have access to Claimant's medical records beyond what is compromised in the administrative transcript. Unless Claimant identifies particular records that are missing and demonstrates that the record was incomplete, the Court must presume that the administrative record is complete and that the ALJ's reliance on the record is supported by substantial evidence. Claimant's argument therefore, is without merit.

2. Pain and Credibility Assessment.

Claimant further argues that the ALJ erred when he assumed how Claimant felt and that the ALJ failed to recognize properly his complaints of pain. (Doc. No. 1 at 1 and Tr. at 14.) Claimant does not however, refer to any specific complaints.

A two-step process is used to determine whether a claimant is disabled by pain. First, objective medical evidence must show the existence of a medical impairment that reasonably could be expected to produce the pain alleged. 20 C.F.R. §§ 404.1529(b), 416.929(b) (2004); SSR 96-7p; see also, Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). If such an impairment is established, then the intensity and persistence of the pain and the extent to which it affects a claimant's ability to work must be evaluated. Id. at 595. When a claimant proves the existence of a medical condition that could cause pain, "the claimant's subjective complaints [of pain] must be considered by the Secretary, and these complaints may not be rejected merely because the severity of pain cannot be proved by objective medical evidence." Mickles v. Shalala, 29 F.3d 918, 919 (4th Cir. 1994). Objective medical evidence of pain should be gathered and considered, but the absence of such evidence is not determinative. Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir. 1990). A claimant's symptoms, including pain, are considered to diminish his capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence. 20 C.F.R.

§§ 404.1529(c)(4), 416.929(c)(4) (2004). Additionally, the regulations provide that:

> [w]e will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your treating, examining, or consulting physician or psychologist, and observations by our employees and other persons. . . . Factors relevant to your symptoms, such as pain, which we will consider include:
>
>> (I) Your daily activities;
>>
>> (ii) The location, duration, frequency, and intensity of your pain or other symptoms.
>>
>> (iii) Precipitating and aggravating factors;
>>
>> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>>
>> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>>
>> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 or 20 minutes every hour, sleeping on a board, etc.); and
>>
>> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2004).

SSR 96-7p repeats the two-step regulatory provisions. See SSR 96-7p, 1996 WL 374186 (July 2, 1996). Significantly, SSR 96-7p requires the adjudicator to engage in the credibility assessment as early as step two in the sequential analysis; i.e., the ALJ must consider the impact of the symptoms on a claimant's ability to function along with the objective medical and other evidence in determining whether the claimant's impairment is "severe" within the meaning of the regulations. A "severe" impairment is one which significantly limits the physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c).

Craig and SSR 96-7p provide that although an ALJ may look for objective medical evidence of an underlying impairment capable of causing the type of pain alleged, the ALJ is not to reject a claimant's allegations solely because there is no objective medical evidence of the pain itself. Craig, 76 F.3d at 585, 594; SSR 96-7p ("the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record"). For example, the allegations of a person who has a condition capable of causing pain may not be rejected simply because there is no evidence of "reduced joint motion, muscle spasms, deteriorating tissues [or] redness" to corroborate the extent of the pain. Id. at 595. Nevertheless, Craig does not prevent an ALJ from considering the lack of objective evidence of the pain or the lack of other corroborating evidence as factors in his decision. The only analysis which Craig prohibits is one in which the ALJ rejects allegations of pain solely because the pain itself is not supported by objective medical evidence.

"RFC represents the most that an individual can do despite his or her limitations or restrictions." See Social Security Ruling 96-8p, 61 Fed. Reg. 34474, 34476 (1996). Looking at all the relevant evidence, the ALJ must consider the claimant's ability to meet the physical, mental, sensory and other demands of any job. 20 C.F.R. §§ 404.1545(a); 416.945(a) (2004). "This assessment of your remaining capacity for work is not a decision on whether you are disabled, but is used as the basis for determining the particular types of work you may be able to do despite your impairment(s)." Id. "In determining the claimant's residual functional capacity, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments." Ostronski v. Chater, 94 F.3d 413, 418 (8th Cir. 1996).

The RFC determination is an issue reserved to the Commissioner. See 20 C.F.R. §§ 404.1527(e)(2); 416.927(e)(2)(2004).

> In determining what a claimant can do despite his limitations, the SSA must consider the entire record, including all relevant medical and nonmedical evidence, such as a claimant's own statement of what he or she is able or unable to do. That is, the SSA need not accept only physicians' opinions. In fact, if conflicting medical evidence is present, the SSA has the responsibility of resolving the conflict.

Diaz v. Chater, 55 F.3d 300, 306 (7th Cir. 1995) (citations omitted). Although medical source opinions are considered in evaluating an individual's residual functional capacity, the final responsibility for determining a claimant's RFC is reserved to the Commissioner. See 20 C.F.R. § 404.1527(e)(2) (2004). In determining disability, the ALJ must consider the medical source opinions "together with the rest of the relevant evidence we receive." Id. § 404.1527(b).

The ALJ noted the requirements of the applicable law and Regulations with regard to assessing pain, symptoms, and credibility. (Tr. at 26-29.) With regard to the threshold test, the ALJ acknowledged that the medical evidence was "sufficient to establish that the [C]laimant possesses an impairment that can reasonably be expected to produce some degree of pain and discomfort." (Tr. at 27.) Regarding the second step, the ALJ considered the intensity and persistence of Claimant's alleged symptoms and complaints of pain, and the extent to which they affected his ability to work. (Id.) The ALJ concluded that the Claimant's complaints suggested a greater severity of impairment than could be shown by the record as a whole. (Tr. at 27-29.) Specifically, the ALJ stated:

> The evidence fails to establish that the [C]laimant's pain is so severe and intractable as to prevent the performance of all work activity. . . . The lack of objective evidence and clinical findings in the record are out of proportion to the claimant's subjective complaints and do not support a conclusion that the limitations are of an intensity, frequency, or duration as to preclude the performance of all work activity. . . . His testimony is credible only to the extent that he does suffer from impairments that result in some restrictions on his ability to perform work-related activities, but at no time has his impairments precluded all substantial gainful activity.

(Tr. at 27-28.)

9

The ALJ noted Claimant's complaints of back and leg pain, the need to lie down and elevate his legs, frequent bowel movements, and difficulty hearing and breathing. (Tr. at 28-29.) He additionally noted Claimant's reports that he could sit for 30 minutes without changing positions. (Tr. at 28.) Regarding Claimant's back and leg pain, the ALJ noted that the medical evidence revealed that Claimant suffered from only mild degenerative disc disease and mild neuropathy secondary to diabetes confirmed by diagnostic studies (Tr. at 28, 216, 262.), and that treatment consisted of only over-the-counter medications. (Id.) While Claimant testified that he needed to lie down four hours out of an eight-hour workday and elevate his feet, the ALJ found that the evidence of record did not support this need. (Tr. at 28-29.) The ALJ specifically noted that Claimant was advised to wear support stockings, although he did not wear them to the administrative hearing. (Id.) The medical expert, Dr. Wade Stevens, testified that the support stockings, when worn, should sufficiently control any edema from Claimant's conditions. (Tr. at 28-29, 377.) Dr. Wade further testified that wearing the support stockings and walking would actually reduce the swelling in the legs caused by varicose veins. (Id.) The ALJ further noted that Claimant sat for 90 minutes during the administrative hearing without changing position. (Tr. at 28, 389.) Additionally, the ALJ noted that the medical evidence did not establish limitation of motion of the spine, motor, or sensory loss. (Tr. at 28, 180-81, 183-84, 215-16, 234, 246, 266, 270, 305.)

Regarding Claimant's alleged need to take frequent bathroom breaks due to bowel movements, the ALJ found that Claimant did not report such activity until four months after he was paroled and that the medical evidence does not support his limitation. (Tr. at 28.) Concerning Claimant's hearing impairment, the ALJ acknowledged Claimant's use of hearing aides but observed that Claimant did not use the aides during the administrative hearing and reported that he could hear and understand normal conversation. (Tr. at 28, 344.) Additionally, the ALJ noted that Claimant

reported to the Beckley Veterans Administration Center that he spent the day watching television and that notes reflected conversations with Claimant on his cellular phone. (Tr. at 28.) Finally, regarding Claimant's breathing impairment, the ALJ noted that Claimant no longer uses maintenance inhalers for his breathing problems. (Tr. at 28, 358.)

The ALJ further noted Claimant's reported activities of daily living. (Tr. at 28-29.) Claimant testified at the administrative hearing that he cleaned his apartment and performed the normal household chores, including cooking, drove a vehicle, shopped for food, and managed his own finances. (Tr. at 28, 358-59.) He further testified that he visits friends and goes out on dates, and rode to Atlanta to visit his sister. (Tr. at 28, 361, 375.) Claimant further reported in documents that he prepared simple meals, did the laundry, washed dishes, ran errands, did the housework without assistance, mopped and vacuumed, mowed small portions of grass, shopped for food and clothing, watched television, and attended church weekly. (Tr. at 28, 97-101, 119-20.) Based on Claimant's activities, together with the conflicting reports of debilitating impairments, the ALJ found that Claimant's symptoms and complaints of pain were not entirely credible. (Tr. at 26-29.)

Upon a careful review of the record, the undersigned finds that the ALJ's determination that Claimant's statements respecting his pain/symptoms were not totally credible is supported by substantial evidence. The ALJ's analysis of Claimant's pain and credibility was proper and in accordance with the applicable law and Regulations. The evidence of record indicates, as the ALJ found, that Claimant's allegations of pain and other symptoms are not as debilitating as he contends. (Tr. at 26-29.) The ALJ found that Claimant could perform a significant range of light work with specific limitations which accommodate Claimant's symptoms and complaints of pain. (Tr. at 29-30.) Therefore, the ALJ took into account most of Claimant's symptoms in assessing his residual functional capacity. The ALJ's determination on Claimant's pain and credibility is supported by

substantial evidence and Claimant's argument is without merit.

A review of the record reveals that the decision of the Commissioner is otherwise supported by substantial evidence. The ALJ thoroughly reviewed all of the medical evidence of record and considered the testimony of Claimant. (Tr. at 21-24, 25-30.) The ALJ also complied with the applicable Regulations and case law in determining that Claimant did not have an impairment or combination of impairments that met or medically equaled a listed impairment, that Claimant was not entirely credible regarding the severity of his pain and other symptoms, and that Claimant was limited to light work and could perform a significant number of jobs in the national economy despite his severe impairments. Therefore, after careful consideration of the evidence of record, the Court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, by Judgment Order entered this day, the final decision of the Commissioner is **AFFIRMED** and this matter is **DISMISSED** from the Court's docket.

Plaintiff is advised that to initiate an appeal of this decision, he must file a Notice of Appeal in the District Court within 60 days of the entry of this Memorandum Opinion and Judgment Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

The Clerk of the Court is directed to file this Memorandum Opinion and mail copies of the same to counsel of record, and to Plaintiff, *pro se*.

ENTER: September 27, 2007.

R. Clarke VanDervort
United States Magistrate Judge